UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE,
JORDAN PEÑA, RAPHIQUE MORRIS, and OVE WILLIAMS,

                                                Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. RACHAEL CRESWELL
and P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities (the name "John Doe" being fictitious, as the
true names are presently unknown),

                                                Defendants.
---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**15 Civ. 8937 (LGS)**

**ECF CASE**

Plaintiffs, EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, JORDAN PEÑA, RAPHIQUE MORRIS, and OVE WILLIAMS by their attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988,

and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P 38(b).

## PARTIES

6. PlaintiffsEDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE,JORDAN PEÑA,RAPHIQUE MORRIS, and OVE WILLIAMS (hereinafter referred to as "plaintiffs")were at all relevant times residents of the City and State of New York.

7. Plaintiffs are aspiring musicians who hand out samples of their music on the street.

8. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, the City of New York, maintains the New York City PoliceDepartment, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendants, P.O. RACHAEL CRESWELL and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14.     On May 1, 2015, plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA were lawfully present at the corner of 46th Street and Seventh Avenue in the County, City and State of New York.

15.     Plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA were handing out samples of their music, and requesting that people who take the samples provide a donation to help further their music careers.

16.     These requested donations were *not* mandatory, in fact, most people who took samples of their music did not donate anything at all.

**Plaintiff Amadu Sowe Is Unlawfully Arrested.**

17. At the aforementioned time and place, plaintiff AMADU SOWE gave one of his music CDs to a group of women from Ohio.

18. After receiving the disc from plaintiff AMADU SOWE, the group of women from Ohio gave plaintiff AMADU SOWE a ten dollar bill.

19. Thereafter, defendant police officers approached plaintiff AMADU SOWE and asked for identification.

20. Plaintiff AMADU SOWE immediately complied with the officers' request.

21. Thereafter, plaintiff AMADU SOWE was placed and handcuffs and told he was under arrest for "panhandling."

**Plaintiffs Eddie Johnson, Christian Walker, and Jordan Peña Are Unlawfully Arrested.**

22. After handcuffing plaintiff AMADU SOWE, defendant police officers approached plaintiff EDDIE JOHNSON, and pushed him against a wall.

23. Plaintiff EDDIE JOHNSON was then placed in handcuffs.

24. Thereafter, plaintiffs CHRISTIAN WALKER and JORDAN PEÑA were also thrown against a wall and handcuffed, along with another individual named Harrison Ford, who was also grabbed and handcuffed.

25. Plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA, along with Mr. Ford, were then placed in a "paddywagon" by defendant police officers.

26. When asked why they were all being placed under arrest, defendant police officers responded "for panhandling."

27. At no time did on May 1, 2015 didplaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA *ever* panhandle, nor did they commit any other criminal offense.

28. Plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA were then transported to the Midtown South police precinct, where they remained for the next twelve (12) hours.

29. At approximately 9:00 A.M. on May 2, 2015, plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA were taken to Central Booking.

**Plaintiffs Eddie Johnson, Christian Walker, and Jordan Peña are Then Charged With Felony Robbery in the Third Degree.**

30. Upon being taken to central booking, plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA became aware that they were in fact being charged with Robbery in the Third Degree, a felony.

31. At no time did the plaintiffs even steal property, let alone use force in the process.

32. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's office.

33. Specifically, defendant PO CRESWELL maliciously and deliberately lied about her claim that she witnessed plaintiffs rob a group of tourists from Ohio.

34. Plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA then saw an arraignment judge, who imposed a bail beyond the means of each of the plaintiffs.

35. Plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, andJORDAN PEÑA were remanded to custody on Riker's Island, where they spent the next seven (7) Days.

36. On May 9, 2015, all charges were dismissed against plaintiffs EDDIE JOHNSON, CHRISTIAN WALKER, AMADU SOWE, and JORDAN PEÑA.

**Plaintiff Raphique Morris Is Unlawfully Arrested.**

37. On November 8, 2014, plaintiff RAPHIQUE MORRIS gave a CD to a tourist at the corner of 44th Street and Seventh Avenue.

38. Thereafter, the tourist gave plaintiff RAPHIQUE MORRIS a fifteen (15) dollar donation.

39. Immediately thereafter, plaintiff RAPHIQUE MORRIS was arrested and charged with for Robbery in the Third Degree.

40. Defendant police officers made false and misleading statements about plaintiff RAPHIQUE MORRIS' conduct and forwarded such false and misleading statements to the New York County District Attorney's office.

41. Specifically, defendant police officers lied about plaintiff RAPHIQUE MORRIS following and placing his hands on the individual who made the donation.

42. Despite these false and misleading statements, all charges were dismissed on motion of the New York County District Attorney's Office on June 11, 2015.

**Plaintiff Ove Williams is Unlawfully Arrested.**

43. On August 31, 20013, plaintiff OVE WILLIAMS was arrested on the Corner of Prince Street and Broadway for Robbery in the Third Degree.

44. Like the aforementioned plaintiffs OVE WILLIAMS had merely received a voluntary donation from a passerby.

45. Defendant police officers made false and misleading statements about plaintiff OVE WILLIAMS' conduct and forwarded such false and misleading statements to the New York County District Attorney's office. .

46. Specifically, defendant police officers lied about plaintiff OVE WILLIAMS following and placing his hands on the individual who made the donation.

47. Despite these false and misleading statements, all charges were dismissed on motion of the New York County District Attorney's Office on December 16, 2013.

48. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, emotional distress, lost earnings, embarrassment and humiliation and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTSUNDER 42 U.S.C. § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

51. All of the aforementioned acts deprived plaintiffsof the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of defendants' aforementioned conduct, deprived plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

57. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants misrepresented and falsified evidence before the District Attorney.

60. Defendants did not make a complete and full statement of facts to the District Attorney.

61. Defendants withheld exculpatory evidence from the District Attorney.

62. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

63. Defendants lacked probable cause to initiate criminal proceedings againstplaintiffs.

64. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

65. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

66. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

67. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

68. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

69.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor when all charges against them were dismissed.

70.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "70" as if the same were more fully set forth at length herein.

72.     Defendants created false evidence against plaintiffs.

73.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

74.     In creating false evidence against plaintiffs, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

75.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The aforementioned individual defendants issued legal process to place plaintiffs under arrest.

78. The aforementioned individual defendants arrest plaintiffs in order to obtain a Collateral objective outside the legitimate ends of the legal process.

79. The aforementioned individual defendants acted with intent to do harm to plaintiffs, without excuse or justification.

80. As a result of the foregoing, plaintiffs sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

81. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "80" as if the same were more fully set forth at length herein.

82. Defendants arrested and incarcerated plaintiffs in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety, livelihood and constitutional rights.

83. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

84. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

85. The acts complained of were part of a larger and systematic policy of the New York City Police Department, whereby police officers, in their attempts to "clean up" Times Square and SoHo, would deliberately target young musicians, and unlawfully charge them with felonies, without probable cause, depriving said musicians of their constitutional right to liberty, and other fundamental rights secured to them under the United States Constitution, in the hope that they would not return to Times Square or SoHo to showcase their music.

86. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

87. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

88. The foregoing customs, policies, usages, practices, procedures and rules of

the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffsas alleged herein.

89. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were incarcerated unlawfully.

90. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

91. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

92. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon them; and

    E. To receive equal protection under the law.

**WHEREFORE**, plaintiffs each demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       February 3, 2016

                                  BY: _____
                                         JON L. NORINSBERG
                                         Jon@norinsberglaw.com
                                         Attorney for Plaintiff
                                         225 Broadway, Suite 2700
                                         New York, N.Y. 10007
                                         (212) 791-5396